IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ATLANTIC COAST PIPELINE LLC,
    Plaintiff,

v.                                                            Civil Action No. 3:17-cv-814-JAG

1.52 ACRES, MORE OR LESS, IN NOTTOWAY
COUNTY, VIRGINIA, et al,
    Defendants.

## **ORDER**

This matter comes before the Court on the plaintiff's motion for partial summary judgment (Dk. No. 7) and motion for immediate possession (Dk. No. 5) filed in *Atlantic Coast Pipeline, LLC v. 0.13 acre, more or less, in the city of Suffolk, Virginia, et al* (Case No. 2:18-cv-00058). The Court held a hearing on the motions on March 9, 2018. For the reasons stated from the bench, it is hereby ORDERED that:

1. The plaintiff may set its partial summary judgment motion for a hearing after the time for the defendants to answer the complaint has expired. (Dk. No. 7 in 2:18-cv-00058.)

2. Plaintiff's motion for immediate possession is CONDITIONALLY GRANTED (Dk. No. 5 in 2:18-cv-00058), with the Court's Order conditioned on the following:

    a. Pursuant to Federal Rules of Civil Procedure 65(c), 67, and 71.1(j)(1), the right to immediate possession of the easements on these properties is contingent upon Atlantic Coast Pipeline ("ACP") depositing with the Clerk of court a cashier's check in an amount of three times the greater of either (i) the appraised amount for the property on which ACP seeks easements or (ii) ACP's highest offer to obtain such easements. In this case, the appraised amount is $90, and the highest offer is $7,250. Thus, the deposit shall be

three times the offer amount, which equals **$21,750**. The deposit is made pursuant to Federal Rules of Civil Procedure 65(c), 67, and 71.1(j)(1), and Local Rule 67.

      b. The multiplier for the deposit is designed to serve as sufficient security to protect the interests of the landowners in the event any just compensation awarded for one or more of the easements exceeds the appraised amount for such property or properties. The multiplied value shall not be construed as any indication of the floor or ceiling of the ultimate amount of just compensation, if any, to which any interest holder is entitled. Instead, the eventual compensation award by this Court, a jury, or a compensation commission may be lower, higher, or the same as the amount ACP is required to provide as security.

      c. ACP shall remit the deposit amounts to the Clerk of the court for deposit into the registry of this Court. The clerk shall deposit the amounts received into the registry of this Court and then, as soon as the business of the clerk's office allows, the clerk shall deposit these funds into the interest-bearing Court Registry Investment System (C.R.I.S.) administered by the Administrative Office of the United States Courts as Custodian, pursuant to Federal Rule of Civil Procedure 67 and Local Rule 67.

      d. ACP shall also file, at the time it remits any deposit or deposit(s), a chart broken down by easement that identifies: (i) each appraised property for which funds are being deposited; (ii) the total amount of the appraisal; (iii) the amount of the deposit for that specific property; and (iv) all persons or entities who own an interest in the property and the percentage of each person's interest. The information shall also be emailed to the presiding judge's chambers in an Excel spreadsheet format. If any party disputes the accuracy of any information in the chart, he shall file an objection not later than seven

days after service of the chart. Additionally, all parties—including ACP and any defendants who have an interest in any of the deposited funds—have a continuing duty, until the conclusion of all proceedings, to advise the Court if the information in any filed chart changes. This includes, in particular, a duty to advise the Court if there is any change for any parcel in the number of owners or the percentages of their ownership interests.

e. Pursuant to Federal Rule of Civil Procedure 71.1(j)(2), the deposit of any funds for an identified defendant's property shall constitute ACP's agreement that the interest-holder can access up to the base amount of the appraisal, *i.e.*, up to one third of the deposited amount, with the understanding that such withdrawal is at the landowner's peril. Thus, all defendants are hereby advised that, if the ultimate compensation award is less than the amount withdrawn, the interest-holder will be liable for the return of the excess with appropriate interest. If multiple defendants claim an interest in any of the easements, each defendant claiming an interest can withdraw only its proportionate share of the funds identified for that easement and attributable to its claimed interest.

f. Each of the defendants associated with the property shall be entitled to draw from one-third of the funds deposited by ACP with the Clerk of the Court its ownership share of the amount of estimated just compensation deposited by ACP for the easement which burdens land in which such defendant owns or claims an interest, subject to the warnings above, and provided that each such defendant satisfies all conditions of this Order and any other court order. Furthermore, such defendants shall be entitled to interest as permitted under 28 U.S.C. § 2045 from and after the date of entry of this Order on the difference between the principal amount deposited with the Court by ACP and the

amount of just compensation determined by the court, if any, if such determination of just compensation to be paid exceeds the amount deposited by ACP. *See* Standing Order re Deposit and Investment of Registry Funds (2017).

g. A defendant who wants to draw on the deposited funds shall file a motion for disbursement of funds with the Court and shall include a certificate of service showing that he served the motion on all other persons with a property interest in the same parcel or easement, if any. Any person objecting to the disbursement shall have fourteen days to file a written objection with the Court. The Court will then resolve any objections and issue an order on the withdrawal request. If there are no other persons with an interest in that property, disbursement will be permitted only by a separate order of the Court, but the fourteen-day period for objections will not apply.

h. If any defendant appears in this case and succeeds in his or her defense, ACP shall restore the defendant's property to as pristine a state as possible.

i. If the Federal Energy Regulatory Commission's ("FERC") order is overturned on appeal, the parties shall return to this Court to address this issue.

3. Once ACP has made the required deposits according to Paragraphs 2(a)-(d) above, ACP is granted immediate possession of the easements described in the complaint over and along the Approved Route as set out in the FERC order dated October 13, 2017. The Approved Route is shown on the alignment sheets filed with the Court.

4. It is further ORDERED that after the time has passed for any defendants to answer or respond to the complaint, the parties shall confer and propose to the Court an appropriate litigation schedule and method to resolve the remaining issues of just compensation.

The clerk is directed to send a copy of this order to all counsel of record, and to mail a copy to all pro se parties who have appeared and all defendants who have been personally served and not yet appeared.

Date: March 9, 2018
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

5