IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ATLANTIC COAST PIPELINE, LLC,
      Plaintiff,

v.                                                   Lead Case No. 3:17cv814
                                                   Underlying Case No. 3:17cv814

1.52 ACRES, MORE OR LESS, IN NOTTOWAY
COUNTY, VIRGINIA, et al.,
      Defendants.

## OPINION

Atlantic Coast Pipeline, LLC ("Atlantic"), seeks to exercise its eminent domain powers pursuant to Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h). On May 23, 2022, Atlantic filed its Second Amended Complaint in Condemnation to acquire an easement in this case. After voluntarily dismissing all named defendants except the Unknown Heirs of Virginia Gray and the Unknown Heirs of Wilbur Gray, Atlantic subsequently served the Unknown Heirs of Virginia Gray and the Unknown Heirs of Wilbur Gray (the "Non-Responding Defendants") through publication.[1] On December 10, 2024, the Clerk entered default against the Non-Responding

---

[1] Case No. 3:17cv814 serves as the lead case for numerous underlying cases. The Court has resolved all remaining cases, and the only defendants that remain are the Non-Responding Defendants in the lead case. Accordingly, when the Court refers to "this case," it means Case No. 3:17cv814.

     This case originally sought both permanent and temporary easements to construct and operate a natural gas pipeline. The earlier iterations of the Complaint in Condemnation sought a broader set of rights to the land at issue. After Atlantic cancelled the project, it filed the Second Amended Complaint in Condemnation "to narrow the scope of rights being taken by eminent domain and to ensure that the defendants are paid just compensation for Atlantic's use of the easement rights." (ECF No. 721 ¶ 2.) Specifically, Atlantic now acknowledges that a "permanent easement is no longer necessary" but still requests "a temporary easement" so it can "restore and remediate the subject property." (Id.) Accordingly, the motion for default judgment focuses on the requests made in the Second Amended Complaint in Condemnation filed in this case and the subsequent motion for default judgment.

Defendants. Atlantic filed its Motion for Default Judgment against the Non-Responding Defendants on January 7, 2025.

As a natural gas company that possesses a certificate of public convenience and necessity from the Federal Energy Regulatory Commission ("FERC"), Atlantic may condemn the property interests at issue in this litigation and is thus entitled to have default judgment granted in its favor against the Non-Responding Defendants.

## I. FACTS

### A. *Atlantic is a Natural Gas Company that Possesses a Certificate of Public Convenience and Necessity Issued by the FERC*

Atlantic is an interstate natural gas company as defined by Section 2(a) of the Natural Gas Act, 15 U.S.C. § 717 *et seq.* ("NGA"). Atlantic is subject to the jurisdiction of FERC and is authorized to construct, own, operate, and maintain pipelines for the transmission of natural gas in interstate commerce. *See* 15 U.S.C. § 717; (ECF No. 731-1, Mem. in Supp. of Atlantic's Mot. for Default J., Ex. A, Decl. of David Aman ("Aman Decl.") ¶ 7.)

Atlantic filed an application for a certificate of public convenience and necessity with FERC on September 18, 2015, FERC Docket No. CP15-554-000, in which it sought permission to construct the Atlantic Coast Pipeline Project (the "ACP Project") and attendant facilities. (Aman Decl. ¶ 8.) On October 13, 2017, FERC issued a certificate of public convenience and necessity (the "FERC Certificate") authorizing Atlantic to construct and operate the ACP Project. (*Id.*)

### B. *FERC Approved Atlantic's ACP Disposition and Restoration Plan after Atlantic Cancelled the ACP Project*

On July 5, 2020, Atlantic announced that it was cancelling the ACP Project. (Aman Decl. ¶ 9.) On July 10, 2020, Atlantic filed a document notifying FERC that it had cancelled the ACP

Project and requesting additional time from FERC to complete any required restoration work. (*Id.*) Atlantic then submitted its ACP Disposition and Restoration Plan (the "Plan") dated December 16, 2020. (Aman Decl. ¶ 10.) FERC issued an Order Approving Restoration Plans and Dismissing Requests for Rehearing on March 24, 2022, which approved the Plan. (*Id.*)

### C. *Atlantic Seeks to Condemn Certain Property Rights from the Non-Responding Defendants*

Each of the Non-Responding Defendants[2] have an ownership interest in a certain tract of land located in Nottoway County, Virginia, described as Parcel Identification No. 20-98, composed of 50 acres, more or less, located in Nottoway County, Virginia, and being more particularly described in that certain deed recorded in Deed Book 62, Page 179, less and except a certain tract containing 6.25 acres, more or less, as described in that certain deed recorded in Deed Book 246, Page 685, among the land records of Nottaway County, Virginia (the "Property"). (*See* ECF No. 721 ¶ 7; ECF No. 732, at 2.) Atlantic seeks to condemn this tract of land to complete work required under the Plan. (*See* ECF No. 721 ¶¶ 5, 7.) As such, Atlantic filed its Second Amended Complaint in Condemnation to acquire an easement from the Known Defendants and the Non-Responding Defendants. (*See id.* ¶ 2.)

Specifically, Atlantic seeks to undertake "certain restoration and remediation work on the Property" and to monitor the outcome of the completed work for a number of years, as required by FERC's Order approving the Plan. (*Id.* ¶¶ 17–18.) Atlantic cannot complete the restoration,

---

[2] The Second Amended Complaint also named as defendants Cloris Gray; Kevin Green; Gloria Gray; Kerkwood Gray; Wanda Gray; Felecia Frazier; Kenneth Gray; Clarence E. Allen, Sr.; the Heirs of Juanita Allen c/o Clarence Allen; Lavada Pines; and Hermenia Stokes (collectively, the "Known Defendants"). On July 6, 2022, Atlantic stipulated to the dismissal of the Known Defendants after it settled with them separately. (*See* ECF No. 723.) The Court acknowledged the voluntary dismissal of the Known Defendants on July 11, 2022, and directed the Clerk to terminate those defendants from this case. (*See* ECF No. 726.) Accordingly, only the Non-Responding Defendants remain in this case.

3

remediation, and monitoring work until it acquires a temporary easement (the "Temporary Easement") on the Property. The Temporary Easement is necessary for restoration, remediation, reclamation, and monitoring work on the Property. (*Id.* ¶ 19.) Atlantic requests the Temporary Easement as of February 21, 2018—the date of access previously authorized by the Court—"until eight (8) years following the date of access." (*Id.* ¶ 21.)

To date, after diligently searching the records associated with the Property, Atlantic has not been able to ascertain the identities of the Non-Responding Defendants. It, therefore, has not been able to negotiate with them to acquire a Temporary Easement over the Property for the purpose of the restoration, remediation, and monitoring work, or to agree on the compensation owed for the Temporary Easement. (*See* Aman Decl. ¶ 20.)

The area and dimensions of the Temporary Easement Atlantic seeks to condemn on the Property are depicted in Exhibit 1 to the Second Amended Complaint in Condemnation. (*See* ECF No. 721-1.) The legal rights that make up the Temporary Easement Atlantic seeks to condemn on the Property are recited in Atlantic's Second Amended Complaint. (*See* ECF No. 721 ¶¶ 21–23.)

### D. *The Defendant Landowners Did Not Respond to Atlantic's Second Amended Complaint in Condemnation*

Atlantic has properly served process on the Non-Responding Defendants and filed the appropriate certificate of proof by publication. (*See* ECF Nos. 724, 725, 727.) The Non-Responding Defendants have not filed any responsive pleading and are thus in default. (*See* ECF No. 730.) Without gaining full access and rights from the Non-Responding Defendants to the Temporary Easement, Atlantic cannot timely complete the Plan approved by FERC. (Aman Decl. ¶ 24.)

## II. DISCUSSION

### *A. Default Judgment*

Under Rule 12(a) of the Federal Rules of Civil Procedure, a defendant must serve an answer within 21 days after being served with the summons and complaint. Fed. R. Civ. P. 12(a). Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation — other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). As a result of the Non-Responding Defendants' failure to respond, the Clerk entered default against them on December 10, 2024. (*See* ECF No. 730.)

### *B. Atlantic Has the Right to Condemn*

#### *1. The NGA Provides Atlantic with the Authority to Condemn*

The NGA provides Atlantic with the authority to condemn interests in property where (i) Atlantic is the holder of a certificate of public convenience and necessity from FERC, and (ii) Atlantic and the landowner cannot agree on the compensation for the property interest at stake:

> When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas . . . it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts.

15 U.S.C. § 717f(h).

### 2. *Atlantic Has a Certificate of Public Convenience and Necessity*

The FERC Certificate issued to Atlantic gives Atlantic the unequivocal power of eminent domain, which includes the power to condemn any land, including the Temporary Easement, which is necessary for the construction of the ACP Project. This includes the restoration, remediation, and monitoring activities following the cancellation of the ACP Project. *Cf. Columbia Gas Transmission, LLC v. Temp. Easements for Abandonment of a Nat. Gas Transmission Pipeline Across Props. in Somerset & Fayette Cntys.*, No. 3:16cv268, 2017 WL 1284943, at *4 (W.D. Pa. Apr. 5, 2017) ("Decommissioning a pipeline by abandonment fits comfortably within the parameters of Section 717f(h), which applies to the construction, operation, and maintenance of a pipeline for the transportation of natural gas."). No party can genuinely dispute the issuance of the FERC Certificate or the contents therein because a certificate of public convenience and necessity is a matter of public record and not subject to collateral attack. *See E. Tenn. Nat. Gas, LLC v. 1.28 Acres*, No. 1:06cv22, 2006 WL 1133874, at *13 (W.D. Va. Apr. 26, 2006) (holding that the defendants could not use a condemnation action to review the propriety of the issuance of a FERC certificate) (citing *Williams Nat. Gas Co. v. Okla. City*, 890 F.2d 255, 264 (10th Cir. 1989), *cert. denied*, 497 U.S. 1003 (1990)); *see also Am. Energy Corp. v. Rockies Express Pipeline LLC*, No. 2:09cv284, 2009 WL 2148197, at *3 (S.D. Ohio July 14, 2009) (holding that "a district court lacks jurisdiction to review the validity and/or conditions of a FERC certificate . . . [and] the function of the district court is not to provide appellate review, but rather to provide for enforcement").

Here, Atlantic has satisfied the first condition of Section 717f(h) because FERC granted Atlantic a Certificate of Public Convenience. Based on the language of the FERC Certificate and

controlling case law, Atlantic has the power of eminent domain under the NGA and the right to the Temporary Easement by eminent domain.

### 3. *The Temporary Easement Rights Atlantic Seeks Are Necessary*

Atlantic must acquire the Temporary Easement to complete the required restoration, remediation, and monitoring activities because it has cancelled the ACP Project. (*See* Aman Decl. ¶¶ 5–6, 24.) The FERC-approved route for the ACP Project crossed the Property. (*See* ECF No. 721 ¶ 12.) Atlantic cannot complete the required restoration, remediation, and monitoring activities without the Temporary Easement. (*See* Aman Decl. ¶ 24.)

Thus, Atlantic needs the Temporary Easement to complete the ACP Project, entitling Atlantic to judgment on its right to condemn the Temporary Easement. *See Transcon. Gas Pipeline Co., LLC v. Permanent Easement Totaling 2.322 Acres*, No. 3:14cv400-HEH, 2014 WL 4365476, at *4 (E.D. Va. Sept. 2, 2014) ("Additionally, the FERC Certificate . . . establishes that the property condemned in this matter is necessary for the construction, operation, and maintenance of the pipeline at issue."); *Hardy Storage Co. v. Prop. Interests Necessary to Conduct Gas Storage Operations*, No. 2:07CV5, 2009 WL 689054, at *4 (N.D. W. Va. Mar. 9, 2009) (finding that a landowner's challenge to the necessity of the proposed easement constitutes an impermissible collateral attack).

### 4. *Atlantic Cannot Acquire the Necessary Temporary Easement by Contract*

Where Atlantic had contact information for a particular defendant, it tried to negotiate to purchase easement rights in good faith. (*See* Aman Decl. ¶ 20.) But Atlantic has been unable to reach an agreement with the Non-Responding Defendants on the amount of compensation for the Temporary Easement because it has not been able to discern their identities despite a diligent inquiry. (*See* Aman Decl. ¶¶ 13, 15, 22.) Atlantic has searched public records to determine their

identities, and though unsuccessful, it did not find any evidence indicating that the Non-Responding Defendants are in military service, minors, mentally incompetent, or incarcerated. (*See* Aman Decl. ¶¶ 13–18.) And, because Atlantic could not personally serve the Non-Responding defendants, it published notice once a week for three weeks in *The Courier-Record*, a newspaper in Nottoway County, Virginia. (*See* ECF No. 727 ¶ 3.) Atlantic still has not located the Non-Responding Defendants, and as such, Atlantic has not been able to obtain the remaining interest in the Temporary Easement by contract. (*See* Aman Decl. ¶ 22); *Hardy*, 2009 WL 689054, at *5 (finding that "[the condemnor] is not required by the [NGA] or Rule 71.1 to engage in 'good faith' negotiations with the landowner"); *E. Tenn. Nat. Gas*, 2006 WL 1133874, at *10 (concluding that "[a]ll the [NGA] requires is a showing that the plaintiff has been unable to acquire the property by contract or has been unable to agree with the owner of the property as to the compensation to be paid").

### 5. *The Non-Responding Defendants are in Default*

The Non-Responding Defendants have failed to file an answer or response in the time period required under to Rule 12(a) of the Federal Rules of Civil Procedure. As a result, the Clerk entered default for the Non-Responding Defendants on December 10, 2024. (*See* ECF No. 730.) Accordingly, Atlantic is entitled to an order confirming its right to condemn the Property pursuant to the authority conferred by 15 U.S.C. § 717f(h) and to default judgment against the Non-Responding Defendants. *See, e.g.*, *E. Tenn. Nat. Gas Co. v. Sage*, 361 F.3d 808, 827–28 (4th Cir. 2004) (citing cases); *Columbia Gas Transmission Corp. v. An Easement to Construct, Operate, and Maintain a 24-Inch Transmission Pipeline Across Props. in Greene Cnty.*, No. 3:07cv28, 2007 WL 2220530, at *3 (W.D. Va. July 31, 2007) (granting judgment where Columbia had established

that it was a holder of a FERC certificate, it needed the easements to construct the pipelines, and no agreement with respect to just compensation could be reached).

Atlantic has established that it holds a FERC Certificate, that FERC has approved the Plan, and that Atlantic has been unable to reach an agreement with the Non-Responding Defendants with respect to the Temporary Easement. Atlantic, therefore, has stated a legitimate claim and is entitled to condemn the Property. *See Columbia Gas Transmission, LLC v. 0.85 Acres, More or Less, in Harford Cnty.*, Civil No. WDQ–14–2288, 2014 WL 4471541, at *5 (D. Md. Sept. 8, 2014) (granting Columbia's motion for patrial summary judgment where the court determined that requirements of Section 717f(h) were met).

### C. Just Compensation

The only issue remaining is the just compensation owed to the Non-Responding Defendants. Atlantic, however, limits its request in this motion "to the issue of Atlantic's entitlement to condemn the temporary easement described in the Second Amended Complaint in Condemnation." (ECF No. 731, at 1.) Counsel for Atlantic has informed the Court that it has retained an appraiser to prepare a report on the value of the Temporary Easement. Accordingly, the Court will withhold ruling on the amount of just compensation owed to the Non-Responding Defendants and will direct Atlantic to file a motion setting forth its position on just compensation that includes the appraiser's report.

### V. CONCLUSION

For the foregoing reasons, the Court will grant Atlantic's motion for default judgment against the Non-Responsive Defendants in case 3:17cv814 as to entitlement to condemn only. (ECF No. 731.) Atlantic may take immediate possession of the Temporary Easement across the Subject Property identified in its Second Amended Complaint in Condemnation in this case.

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 19 March 2025
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge

10